**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEMOCRACY FORWARD FOUNDATION,
P.O. Box 34553
Washington, D.C. 20043,

*Plaintiff*,

vs.

U.S. DEPARTMENT OF DEFENSE
1155 Defense Pentagon
Washington, DC 20301-1155,

*Defendant*.

Case No. 26-cv-3376

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Democracy Forward Foundation ("DFF") brings this action against Defendant the United States Department of Defense ("DOD") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B), which provides that a FOIA action may be brought in the District of Columbia.

**Parties**

3. Plaintiff Democracy Forward Foundation ("DFF") is a not-for-profit organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

4. Defendant DOD is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). DOD has possession, custody, and control of records to which Plaintiff seeks access.[1]

**DFF's FOIA Requests**

5. Pete Hegseth was confirmed as Secretary of Defense and took office in January 2025. His wife, Jennifer Hegseth, has never held an appointed or employed position at DOD.

6. Beginning in the spring of 2025, press reporting described Jennifer Hegseth as playing a substantial and unofficial role in the operations of the Office of the Secretary.[2]

7. Because Jennifer Hegseth holds no government position, the extent to which DOD personnel, facilities, and information have been made available to her, and the extent to which she has participated in DOD's business, are matters of substantial public concern.

8. On May 2, 2025, DFF submitted the first two FOIA requests described below, seeking records relating to those questions.

9. Separately, beginning on September 2, 2025, the United States conducted a series of lethal military strikes against vessels alleged to be engaged in drug trafficking in the Caribbean Sea and the eastern Pacific Ocean.[3]

10. On December 5, 2025, DFF submitted the third FOIA request described below, seeking ethics complaints, whistleblower complaints, and dissent memoranda concerning the strikes and concerning Secretary Hegseth and Jennifer Hegseth.

---

[1] Although DOD and its officials have been authorized to use "Department of War" and related titles as secondary designations, the Department's statutory name remains the Department of Defense. *See* 10 U.S.C. § 111; Exec. Order No. 14347, *Restoring the United States Department of War*, 90 Fed. Reg. 43893 (Sept. 10, 2025) (authorizing "Department of War" and "Secretary of War" as secondary titles and providing that statutory references remain controlling).

[2] *See, e.g.*, Dan Lamothe, *Jennifer Hegseth holds unorthodox role shaping Pentagon affairs*, Wash. Post (Apr. 30, 2025), https://perma.cc/8MBY-S9ST.

[3] *See* Ellen Nakashima et al., *White House blew past legal concerns in deadly strikes on drug boats*, Wash. Post (Nov. 22, 2025), https://perma.cc/SK78-AHHD.

11. DOD did not produce any records in response to any of those three requests. On May 13, 2026, DFF submitted three supplemental requests, each identical in substance to one of the earlier requests, seeking records created after the search cutoff dates used for the earlier requests.

*Jennifer Hegseth Activities Request*

12. On May 2, 2025, DFF submitted a FOIA request to DOD, bearing internal tracking number DF-DOD-25-0719, seeking the following:

> 1. Records sufficient to identify any DOD staff assigned to assist, staff, or support Jennifer Hegseth, either on a temporary or extended basis.
>
> 2. All calendars or calendar entries (including calendar invitations, calendar invitation attachments) for Jennifer Hegseth, including any calendars maintained on her behalf by an administrative assistant or other DOD employee assigned to staff or support Ms. Hegseth.
>
> 3. Records reflecting the attendees or content of any DOD meetings attended by Jennifer Hegseth (including meeting agendas, attendees lists, calendar entries, meeting minutes or summaries, or any other documentation that would reflect the attendees and content of such meetings).
>
> Reporting indicates that Jennifer Hegseth has attended meetings with the Secretary, met with job candidates, and informed staff of media interviews, and therefore responsive records should at a minimum include these meetings.
>
> In an effort to accommodate DOD and reduce the number of potentially responsive records to be processed and produced, we request that DOD search, at minimum, the Office of the Secretary and agree to exclude records related to security detail staffing from this request.

13. This request sought records from January 27, 2025, until the date of the search.

14. On May 2, 2025, DOD acknowledged receipt of the request and assigned it tracking number 25-F-3148.

15. On May 8, 2025, DOD sent DFF a formal acknowledgement letter invoking "unusual circumstances" and stating that the request had been placed in its complex processing queue.

16. On September 9, 2026, DFF emailed DOD inquiring about the status of the request, including whether a search had been conducted and whether potentially responsive documents had been identified.

17. On September 10, 2026, DOD responded to DFF's email, copying a specific FOIA officer to respond to DFF's inquiry.

18. DOD has not issued a determination as to this request, has not produced any responsive records, and has not otherwise responded to the request.

*Jennifer Hegseth Communications Request*

19. On May 2, 2025, DFF submitted a FOIA request to DOD, bearing internal tracking number DF-DOD-25-0720, seeking the following:

> 1. All email communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages, or messages on messaging platforms) sent from any government email account assigned to or used by Jennifer Hegseth, or from any account managed by a DOD employee to send emails on Jennifer Hegseth's behalf.
>
> In an effort to accommodate DOD and reduce the number of potentially responsive records to be processed and produced, we have limited this request to communications sent by Jennifer Hegseth. To be clear, however, we still request that complete email chains and texts be produced, displaying both sent and received messages. This means, for example, that both a response by Jennifer Hegseth or any DOD employee acting on her behalf's [sic] response to an email and the initial received message are responsive to this request and should be produced.
>
> 2. All electronic communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages, or messages on messaging platforms including Signal, Whatsapp, Teams,

Skype, WeChat) between DOD officials included below and Jennifer Hegseth, including but not limited to her private email accounts and phone numbers, as well as any DOD-provided email accounts and phone numbers.

DOD Officials:

I. Secretary Peter Hegseth
II. Department of Homeland Security Liaison and Senior Adviser Phil Hegseth
III. Anyone serving as Chief of Staff or Acting Chief of Staff to the Secretary, including former Chief of Staff Joe Kasper
IV. Anyone serving as Deputy Chief of Staff or Acting Deputy Chief of Staff to the Secretary, including Former Deputy Chief of Staff Darin Selnick
V. Anyone serving as Senior Advisory to the Secretary, including Tami Radabaugh former senior adviser Dan Cladwell
VI. Anyone serving as Deputy Secretary of Defense or Acting Deputy Secretary of Defense, including Steve Feinberg
VII. Anyone serving as Chief of Staff or Acting Chief of Staff to the Deputy Secretary, including former Chief of Staff Colin Carroll
VIII. Anyone serving as the Assistant to the Secretary for Public Affairs, including Sean Parnell

20. This request sought records from January 27, 2025, until the date of the search.

21. On May 2, 2025, DOD acknowledged receipt of the request and assigned it tracking number 25-F-3149.

22. On May 6, 2025, DOD sent DFF a formal acknowledgement letter invoking "unusual circumstances" and stating that the request had been placed in its complex processing queue.

23. On September 9, 2026, DFF emailed DOD inquiring about the status of the request, including whether a search had been conducted and whether potentially responsive documents had been identified.

24. On September 10, 2026, DOD advised DFF that the request had been tasked to a component office to conduct a search for responsive records, and that the office had been contacted for an estimated date of completion.

25. On September 11, 2026, DOD advised DFF that the estimated completion date for the request was six months.

26. DOD has not issued a determination as to this request, has not produced any responsive records, and has not otherwise responded to the request.

*Ethics Complaints Request*

27. On December 5, 2025, DFF submitted a FOIA request to DOD, bearing internal tracking number DFF-MULTI-DOD-25-1640, seeking the following:

> Any memoranda for the record, ethics complaints, whistleblower complaints, or dissent memoranda filed with agency front offices, ethics officials, or general counsels regarding (1) any matter related to the administration's lethal kinetic strikes against alleged drug boats or (2) any matter related to Secretary Pete Hegseth or Jennifer Hegseth.

28. This request sought records from August 1, 2025, until the date of the search.

29. On December 5, 2025, DOD acknowledged receipt of the request by automated email and assigned it tracking number 26-F-1096.

30. On December 15, 2025, DOD sent DFF a formal acknowledgement letter invoking "unusual circumstances" and stating that the request had been placed in its complex processing queue.

31. DOD has not issued a determination as to this request, has not produced any responsive records, and has not otherwise responded to the request.

*Supplemental Ethics Complaints Request*

32. On May 13, 2026, DFF submitted a FOIA request to DOD, bearing internal tracking number DFF-DOD-26-0674, seeking the following:

> Any memoranda for the record, ethics complaints, whistleblower complaints, or dissent memoranda filed with agency front offices, ethics officials, or general counsels regarding (1) any matter related to the administration's lethal kinetic strikes against alleged drug boats or (2) any matter related to Secretary Pete Hegseth or Jennifer Hegseth.
>
> DFF submitted an identical request on December 5, 2025, assigned tracking number 26-F-1096. This request seeks records from the search cutoff date used for request 26-F-1096 through the date this request is submitted.

33. On May 13, 2026, DOD acknowledged receipt of the request by automated email and assigned it tracking number 26-F-2320.

34. On May 15, 2026, DOD sent DFF a formal acknowledgement letter invoking "unusual circumstances" and stating that the request had been placed in its complex processing queue.

35. DOD has not issued a determination as to this request, has not produced any responsive records, and has not otherwise responded to the request.

*Supplemental Jennifer Hegseth Activities Request*

36. On May 13, 2026, DFF submitted a FOIA request to DOD, bearing internal tracking number DFF-DOD-26-0675, seeking the following:

> 1. Records sufficient to identify any DOD staff assigned to assist, staff, or support Jennifer Hegseth, either on a temporary or extended basis.
>
> 2. All calendars or calendar entries (including calendar invitations, calendar invitation attachments) for Jennifer Hegseth, including any calendars maintained on her behalf by an administrative assistant or other DOD employee assigned to staff or support Ms. Hegseth.

3. Records reflecting the attendees or content of any DOD meetings attended by Jennifer Hegseth (including meeting agendas, attendees lists, calendar entries, meeting minutes or summaries, or any other documentation that would reflect the attendees and content of such meetings).

4. Reporting indicates that Jennifer Hegseth has attended meetings with the Secretary, met with job candidates, and informed staff of media interviews, and therefore responsive records should at a minimum include these meetings.

   In an effort to accommodate DOD and reduce the number of potentially responsive records to be processed and produced, we request that DOD search, at minimum, the Office of the Secretary and agree to exclude records related to security detail staffing from this request.

   This request seeks records from January 27, 2025, until the date of the search.

   DFF submitted an identical request on May 2, 2025, assigned tracking number 25-F-3148. This request seeks records from the search cutoff date used for request 25-F-3148 through the date this request is submitted.

37. On May 13, 2026, DOD acknowledged receipt of the request by automated email and assigned it tracking number 26-F-2321.

38. On May 15, 2026, DOD sent DFF a formal acknowledgement letter invoking "unusual circumstances" and stating that the request had been placed in its complex processing queue.

39. DOD has not issued a determination as to this request, has not produced any responsive records, and has not otherwise responded to the request.

*Supplemental Jennifer Hegseth Communications Request*

40. On May 13, 2026, DFF submitted a FOIA request to DOD, bearing internal tracking number DFF-DOD-26-0676, seeking the following:

1. All email communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation

attachments, text messages, or messages on messaging platforms) sent from any government email account assigned to or used by Jennifer Hegseth, or from any account managed by a DOD employee to send emails on Jennifer Hegseth's behalf.

In an effort to accommodate DOD and reduce the number of potentially responsive records to be processed and produced, we have limited this request to communications sent by Jennifer Hegseth. To be clear, however, we still request that complete email chains and texts be produced, displaying both sent and received messages. This means, for example, that both a response by Jennifer Hegseth or any DOD employee acting on her behalf's [sic] response to an email and the initial received message are responsive to this request and should be produced.

2. All electronic communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages, or messages on messaging platforms including Signal, Whatsapp, Teams, Skype, WeChat) between DOD officials included below and Jennifer Hegseth, including but not limited to her private email accounts and phone numbers, as well as any DOD-provided email accounts and phone numbers.

   DOD Officials:

   I. Secretary Peter Hegseth
   II. Department of Homeland Security Liaison and Senior Adviser Phil Hegseth
   III. Anyone serving as Chief of Staff or Acting Chief of Staff to the Secretary, including former Chief of Staff Joe Kasper
   IV. Anyone serving as Deputy Chief of Staff or Acting Deputy Chief of Staff to the Secretary, including Former Deputy Chief of Staff Darin Selnick
   V. Anyone serving as Senior Advisory to the Secretary, including Tami Radabaugh, former senior adviser Dan Cladwell
   VI. Anyone serving as Deputy Secretary of Defense or Acting Deputy Secretary of Defense, including Steve Feinberg
   VII. Anyone serving as Chief of Staff or Acting Chief of Staff to the Deputy Secretary, including former Chief of Staff Colin Carroll
   VIII. Anyone serving as the Assistant to the Secretary for Public Affairs, including Sean Parnell

> DFF submitted an identical request on May 2, 2025, assigned tracking number 25-F-3149. This request seeks records from the search cutoff date used for request 25-F-3149 through the date this request is submitted.

41. On May 13, 2026, DOD acknowledged receipt of the request by automated email and assigned it tracking number 26-F-2323.

42. On May 15, 2026, DOD sent DFF a formal acknowledgement letter invoking "unusual circumstances" and stating that the request had been placed in its complex processing queue.

43. DOD has not issued a determination as to this request, has not produced any responsive records, and has not otherwise responded to the request.

**Exhaustion of Administrative Remedies**

44. More than twenty (20) business days have elapsed since DOD received each of the requests described above, and DOD has failed to make and communicate determinations regarding those requests within the time period required by law.

45. Through DOD's failure to comply with the statutory time limits, DFF has constructively exhausted its administrative remedies as to each request. 5 U.S.C. § 552(a)(6)(C)(i).

**CLAIM FOR RELIEF**

**Count 1 (Violation of FOIA, 5 U.S.C. § 552)**

46. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

47. By failing to respond to Plaintiff's requests with determinations and prompt productions of responsive records within the statutorily mandated time period, Defendant has violated its duties under 5 U.S.C. § 552, including but not limited to, its duties to conduct a

reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

1. Order Defendant to conduct searches for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably calculated to lead to discovery of all responsive records;
2. Order Defendant to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;
3. Enjoin Defendant from continuing to withhold any and all non-exempt responsive records;
4. Award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and
5. Grant any other relief this Court deems appropriate.

Dated: September 28, 2026

Respectfully submitted,

*/s/ Hart W. Wood*

Hart W. Wood
(Bar No. 1034361)
Daniel A. McGrath
(Bar No. 1531723)
Ronald A. Fein
(Bar No. 90026641)
Robin F. Thurston
(Bar No. 7268942)

Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
hwood@democracyforward.org
dmcgrath@democracyforward.org
rfein@democracyforward.org
rthurston@democracyforward.org